IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH BODZIONY, <br> JOSEPH BRIDGES and <br> MICHAEL COMPTON, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL SIGNAL CORPORATION and <br> LAW ENFORCEMENT EQUIPMENT CO., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 06-0995-CV-W-DW |

**ORDER**

Before the Court is Plaintiffs' Motion to Remand to the Circuit Court of Clay County, Missouri. (Doc. 7). Attached as an exhibit to Plaintiffs' Motion is a stipulation stating that Plaintiffs "hereby irrevocably agree that the amount of damages claimed by each of them in this action is and will forever be less than $75,000 exclusive of interest and costs." Plaintiffs argue remand is proper since the stipulation proves that the amount in controversy does not exceed the sum or value of $75,000.

District courts have jurisdiction where the parties are citizens of two different states and "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Where the complaint states an amount less than $75,000, the party invoking federal jurisdiction must prove, by a preponderance of the evidence, that the amount in controversy exceeds $ 75,000. In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003).

The matter in controversy exceeds the sum or value of $75,000 "when a fact finder could

legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $ 75,000." Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

Since the basis for removal is determined at the time the complaint is filed, post-removal filings limiting the amount in controversy normally do not divest the Court of jurisdiction. See St. Paul Mercury Indem. Co. V. Red Cab Co., 303 U.S. 283, 291-92 (1938). "[P]ost-removal affidavits may be considered to the extent that they clarify, rather than amend, the original pleading." Neighbors v. Muha, 2005 U.S. Dist. LEXIS 39821 (W.D. Mo. 2005) (noting that this is especially applicable in Missouri where the Rules of Civil Procedure "prevent the Plaintiff from specifically demanding damages in her Petition."). This Court has remanded numerous cases for lack of diversity jurisdiction where a post-removal stipulation limits the damages to less than $75,000. Id.; Workman v. Kawasaki Motors Corp., 749 F. Supp. 1010, 1011 (W.D. Mo. 1990).

Post-removal stipulations may effectively divest jurisdiction even where the stipulation is signed only by Plaintiff and not by both parties. Slavin v. State Farm Mut. Auto. Ins. Co., 2005 U.S. Dist. LEXIS 30595, 7-8 (E.D. Mo. 2005). As stated in the well-reasoned opinion in Slavin,

> "[f]or the court to look to the petition and pre-judge the value of the case based on boiler plate verbiage designed to cover every eventuality that the evidence could conceivably show is patently unfair. A binding stipulation by plaintiff filed both in state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $ 75,000 exclusive of interest and costs protects both plaintiff and defendant and allows the court to find with legal certainty that the amount in controversy at the time of removal did not and does not exceed $

75,000 exclusive of interest and costs."

<u>Id</u>.

Plaintiffs' stipulation sufficiently proves that the damages are lower than that required for diversity jurisdiction. Accordingly, Plaintiffs' Motion to Remand is GRANTED. (Doc. 6). This case is remanded to the Circuit Court of Clay County, Missouri.

Plaintiffs are ORDERED to file in state court their Stipulation attached as Exhibit A to Suggestions in Support of Plaintiffs' Motion to Remand to the Circuit Court of Clay County, Missouri.


Date: January 22, 2007                    /s/ DEAN WHIPPLE
                                                    Dean Whipple
                                       United States District Court